NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

ASYST TECHNOLOGIES, INC.,

Plaintiff,

v.

EMPAK, INC., et al.,

Defendants.

Case Number C 98-20451 JF (EAI)

ORDER[1] DENYING JENOPTIK'S MOTION FOR RECONSIDERATION

On March 31, 2006, this Court issued an order ("March 31 Order") addressing the cross-motions for summary judgment of Plaintiff Asyst Technologies, Inc. ("Asyst") and Defendants Jenoptik AG, Jenoptik Infab, Inc., Emtrak, Inc. and Meissner + Wurst GmbH (collectively, "Jenoptik"). Those motions focused on claim 2 of United States Patent No. 5,097,421 ("the '421 patent"); claim 2 is the only independent claim still at issue in this litigation. As relevant here, the Court ruled that Jenoptik's accused IridNet System meets the "sensing means" limitation of claim 2 and that Jenoptik is precluded from arguing that other limitations of claim 2 are not met by the IridNet System.

[1] This disposition is not designated for publication and may not be cited.

On April 27, 2006, the Court gave Jenoptik leave to file a motion for reconsideration and set a briefing schedule for such motion. Briefing has been completed,[2] and the Court concludes that the motion is appropriate for disposition without oral argument pursuant to Civil Local Rule 7-1(b).

**A. "Selection Means"**

Jenoptik requests reconsideration of the Court's ruling that it may not litigate the effect of "selection means" limitation of claim 2. In concluding that Jenoptik had failed to give Asyst notice of an intent to litigate the effect of this limitation, the Court noted that Jenoptik's 1998 responses to interrogatories improperly referenced declarations that were filed in connection with Jenoptik's 1998 motion for summary judgment, and that such reference was insufficient to meet Jenoptik's obligations under Federal Rule of Civil Procedure 33(b). March 31 Order at 8. The Court went on to examine the declarations in question, however, and concluded that even assuming that Asyst had consulted the declarations as directed by Jenoptik's discovery responses, the declarations did not give Asyst notice of Jenoptik's position with respect to the term "selection means." *Id.* at 8-9. The Court concluded that Jenoptik never gave Asyst the requisite notice – through amended discovery responses, expert reports, motion briefs or otherwise – throughout the subsequent seven years of litigation. *Id.* at 9-10.

Jenoptik argues that the Court should not have based its ruling on the fact that Jenoptik responded to interrogatories by referencing declarations, because (a) Jenoptik was not given an opportunity to address this basis for the Court's ruling; (b) incorporation by reference is not in fact precluded under Federal Rule of Civil Procedure 33; and (c) incorporation by reference has been a standard practice of *both* parties throughout this litigation.

---

[2] Under the briefing schedule set by the Court, briefing was to be concluded upon the filing of Jenoptik's reply, which was filed on May 26, 2006. On May 30, 3006, Asyst filed a motion for leave to file a surreply, along with a proposed surreply. Jenoptik filed opposition to Asyst's motion on June 5, 2006. Jenoptik correctly points out that the Court's briefing schedule does not provide for the filing of a surreply, and that Asyst's proposed surreply addresses the legal standards applicable to motions for reconsideration, with which the Court already is familiar. The Court therefore denies Asyst's motion for leave to file a surreply and declines to consider the proposed surreply brief.

The Court remains of the opinion that incorporation by reference is not permitted under Rule 33(b), as noted in *Federal Civil Procedure Before Trial*, ¶ 11:1731 (The Rutter Group 2005). However, the Court did not intend to suggest that Jenoptik is barred from litigating claim terms merely as a result of a technical violation of the discovery rules. As discussed at length in the March 31 Order, the Court's ruling is based upon the fundamental lack of *notice* to Asyst that terms other than "sensing means" were in play. Had Jenoptik responded "separately and fully" to Asyst's 1998 interrogatories seeking the factual basis for Jenoptik's contentions that its products differ substantially from the patents in suit, as required by Rule 33(b), Asyst and this Court would have been on notice long ago that Jenoptik intended to litigate with respect to the "selection means." Nor did the Court's inquiry into whether Asyst received fair notice end with this conclusion. Rather, the Court examined the declarations to which Jenoptik's interrogatory responses made reference and concluded that *even considering these declarations*, Jenoptik's response did not give Asyst fair notice of Jenoptik's position with respect to the "selection means." Accordingly, the Court's analysis is unchanged even assuming that incorporation by reference has been the practice of both parties, as asserted by Jenoptik.

Jenoptik next argues that even if its initial interrogatory responses were insufficient to give notice of its intent to litigate with respect to the "selection means," and even if it failed to amend its responses, Asyst nonetheless was given adequate notice through the deposition of Jenoptik's expert, Anthony Storace. In support of its argument, Jenoptik quotes at length from Dr. Storace's deposition. The Court considered Dr. Storace's testimony before issuing its March 31 Order and, as stated in that order, concluded that the testimony was insufficient to place Asyst on notice of Jenoptik's position with respect to the "selection means," particularly in light of the fact that Dr. Storace did not address the "selection means" at all in his expert report. March 31 Order at 9-10.

A much closer question is presented by Jenoptik's argument that it was entitled to *change* its infringement contentions following the Federal Circuit's 2005 decision on Asyst's appeal. Prior to that time, this Court consistently had agreed with Jenoptik's construction and noninfringement positions with respect to the "sensing means" limitation. Specifically, this

Court had found that the patent did not disclose structure corresponding to the "sensing means" and, after the Federal Circuit identified such structure, also had found that such structure did not exist in the IridNet System. Jenoptik argues that if there were no "sensing means" in the IridNet System, it would not make sense for Jenoptik to litigate whether the IridNet System contained a "selection means" for selecting between such "sensing means." Jenoptik argues further that it was only when the Federal Circuit clarified that the appropriate construction of the "sensing means" limitation was broad enough to read on the IridNet System that Jenoptik had any reason to litigate with respect to the "selection means." In essence, Jenoptik argues that it was entitled to give notice of its intent to begin litigating the "selection means" limitation after the 2005 remand from the Federal Circuit. *See Johns Hopkins University v. CellPro, Inc.*, 152 F.3d 1342, 1357 (Fed. Cir. 1998) (holding that a party may change its contentions following a change in claim construction).

It is arguable that Jenoptik acted reasonably in choosing not to litigate the "selection means" limitation actively while it was prevailing on the "sensing means" limitation although, as Asyst points out, the two limitations are separate and distinct, and the more prudent course would have been for Jenoptik to litigate the "selection means" from the inception of the case. However, even if Jenoptik did have the right to change its contentions following the Federal Circuit's 2005 decision, it did not do so in a timely manner. As is discussed in this Court's March 31 Order, Jenoptik did not indicate at the case management conference ("CMC") following remand that it intended to change its contentions. In fact, Jenoptik's counsel appeared to agree with the explicit statements of this Court and of Asyst's counsel that the only claim term in play was the "sensing means." March 31 Order at 10-11.

Jenoptik's counsel asserts that he did not understand the Court to be saying that the "sensing means" was the only claim term left in the case. The Court has no reason to doubt the sincerity of counsel's assertion. However, even if counsel did not understand that the result of the CMC was to limit the subsequent summary judgment motions to the "sensing means," counsel had an obligation to inform Asyst and the Court that Jenoptik intended to change its contentions to focus on the "selection means" limitation in light of the Federal Circuit's 2005

decision. Despite this, counsel made no reference to the "selection means" at the CMC, did not request leave to supplement Jenoptik's expert reports (which even now do not address the "selection means"), and did not give any other indication to Asyst or this Court that the "selection means" was in play until after Asyst filed its most recent motion for summary judgment of infringement. Under these circumstances, the Court declines to reconsider its ruling that Jenoptik is precluded from litigating the "selection means."

**B. "Communication Means"**

Jenoptik also requests reconsideration with respect to the Court's ruling that it may not litigate the effect of the "communication means" limitation. This Court concluded that, although Jenoptik has previously litigated that claim term, the Court rejected Jenoptik's arguments in its summary judgment order of October 9, 2003 ("October 9 Order"), and Jenoptik failed to seek reconsideration or review of that order. The Court noted that under the doctrine of "law of the case," a court's decision on a particular issue generally governs those issues throughout the case. October 9 Order at 12. The Court also concluded that, separate and apart from the issue of law of the case, Jenoptik had failed to give Asyst (or this Court) notice that the "communication means" was in play.

Jenoptik argues that because this Court's adverse ruling with respect to the "communication means" was part of a larger order in which the Court granted Jenoptik's motion for summary judgment of noninfringement, Jenoptik was not obligated to seek reconsideration of the ruling regarding the "communication means" until the Federal Circuit reversed and remanded the case. Jenoptik also argues that once this Court entered judgment for Jenoptik (approximately one week after granting Jenoptik's motion for summary judgment), this Court was divested of jurisdiction to entertain a motion for reconsideration.

While it made what was perhaps a reasonable strategic decision under the circumstances not to seek reconsideration of this Court's ruling on the "communication means," Jenoptik could in fact have sought reconsideration even after entry of judgment under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See School District No. 1J, Multnomah County v. ACandS*, 5 F.3d 1255, 1262 (9th Cir. 1993). Alternatively, had Jenoptik elected not to pursue a

motion for reconsideration in 2003 but somehow indicated to Asyst and to this Court that it would seek to relitigate the "communication means" in the event of a reversal by the Federal Circuit, this Court's view of the matter would be very different. Finally, had Jenoptik indicated any intent to relitigate the "communication means" at the 2005 CMC following the Federal Circuit's remand, this Court's view of the matter likewise would be very different. Based upon this record, the Court declines to reconsider its ruling that Jenoptik is precluded from litigating the "communication means."[3]

DATED: 6/22/06

JEREMY FOGEL
United States District Judge

---

[3] Jenoptik's motion for reconsideration devotes substantial argument to its contention that this Court's infringement order and claim construction order are inconsistent with respect to the "communication means." This issue is irrelevant to the question of whether Asyst was denied fundamental notice of Jenoptik's contentions.

Copies of this Order have been served upon the following persons:

Counsel for Plaintiff:

Darryl M. Woo
Fenwick & West LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041-2008
Fax: (650) 938-5200

Counsel for Defendants:

Daniel T. Shvodian
James F. Valentine
David L. Bilsker
Howrey LLP
301 Ravenswood Avenue
Menlo Park, CA 94025-3434