NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ASYST TECHNOLOGIES, INC., | Case Number C 98-20451 JF (EAI) |
| Plaintiff, | ORDER[1] CLARIFYING PRIOR ORDERS; AND MODIFYING SUMMARY JUDGMENT ORDER OF MARCH 31, 2006 |
| v. | |
| EMPAK, INC., et al., | |
| Defendants. | |

On March 31, 2006, this Court issued an order ("March 31 Order") addressing the cross-motions for summary judgment of Plaintiff Asyst Technologies, Inc. ("Asyst") and Defendants Jenoptik AG, Jenoptik Infab, Inc., Emtrak, Inc. and Meissner + Wurst GmbH (collectively, "Jenoptik"). On June 22, 2006, this Court issued an order ("June 22 Order") denying Jenoptik's motion for reconsideration. At a Case Management Conference ("CMC") held the following day, June 23, 2006, Jenoptik orally raised additional objections to the June 22 Order insofar as it denies Jenoptik's motion for reconsideration with respect to the Court's ruling that Jenoptik may not litigate the effect of the "communication means." Asyst subsequently filed a motion for

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 98-20451 JF (EAI)
ORDER CLARIFYING PRIOR ORDERS ETC.
(JFLC2)

clarification on June 27, 2006, seeking modification of the March 31 order to clarify that the order of infringement extends not only to independent claim 2, but also to dependent claims 11-14. Jenoptik filed a motion for clarification on June 28, 2006, seeking clarification that it intends to file summary judgment motions not only with respect to invalidity, but also with respect to damages.

**A.     "Communication Means"**

In its March 31 Order, the Court set forth two distinct grounds for its determination that Jenoptik is precluded from litigating the effect of the "communication means." First, the Court pointed out that its summary judgment order of October 9, 2003 explicitly concluded that the IridNet System meets the "communication means" limitation, and that Jenoptik did not seek reconsideration of this ruling at the time. March 31 Order at 12. "Separate and apart from Jenoptik's failure to provide an adequate explanation of its failure to seek reconsideration" of this ruling, the Court noted that Jenoptik "never gave any indication in the intervening two years that it intended to challenge" the ruling on the "communication means." *Id.* In order words, the Court concluded that Jenoptik failed to provide Asyst adequate *notice* that the "communication means" was in play.

In its June 22, 2006 Order denying Jenoptik's motion for reconsideration, the Court acknowledged that Jenoptik's decision not to seek reconsideration of the ruling with respect to the "communication means" may have been reasonable under the circumstances, but concluded that Jenoptik nonetheless *could* have sought reconsideration of the "communication means" aspect of the Court's summary judgment ruling in 2003. June 22 Order at 5. The Court made clear, however, that it was not Jenoptik's failure to file a motion for reconsideration that was determinative, but rather Jenoptik's failure to provide any notice at all to Asyst that it intended to relitigate the "communication means." *Id.* at 6.

At the June 23 CMC, Jenoptik argued vehemently that it could not have sought reconsideration or review of this Court's ruling regarding the "communication means" in 2003, given the procedural posture of the case at that time. This Court agrees that Jenoptik could not have filed an appeal of its ruling regarding the "communication means" in 2003. *See Nautilus*

*Group, Inc. v. ICON Health and Fitness, Inc.*, 437 F.3d 1376, 1377-78 (Fed. Cir. 2006) (holding that a party who prevails on noninfringement has no right to file a cross-appeal asserting alternative ground for judgment in its favor). However, Jenoptik's failure to file such an appeal was not a basis for this Court's ruling, which focused on Jenoptik's failure to file a motion for *reconsideration* and failure to provide adequate *notice* that the "communication means" limitation was still in play.[2]

The Court issued the summary judgment ruling at issue on October 9, 2003, and the notice of appeal was not filed until more than one week later, on October 17, 2003. Jenoptik could have filed a motion for leave to seek reconsideration of the "communication means" aspect of the order before entry of judgment under Civil Local Rule 7-9, and could have sought reconsideration after entry of judgment and before notice of appeal under Federal Rule of Civil Procedure 59(e). Although it was the prevailing party on the summary judgment motion, Jenoptik was entitled to seek reconsideration of the Court's determination that the IridNet System meets the "communication means" limitation, because failure to meet this limitation would provide an alternative basis for summary judgment of noninfringement. *See North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (giving no indication of procedural impropriety when prevailing party on summary judgment motion brought motion for reconsideration under Rule 59(e), seeking to establish alternative basis for summary judgment ruling, and subsequently appealed the denial of that motion for reconsideration).

Ultimately, however, Jenoptik's failure to file a motion for reconsideration in 2003 is not dispositive. As noted in the March 31 Order and the June 22 Order, the basis for the Court's ruling is its conviction that Asyst was denied fundamental notice that the "communication means" was in play. Jenoptik's assertion of substantive noninfringement arguments regarding the "communication means" and other claim terms in connection with the most recent round of

---

[2] While the March 31 Order references Jenoptik's failure to seek "reconsideration" of the "communication means" aspect of the 2003 summary judgment ruling, the June 22 Order erroneously references Jenoptik's failure to seek "reconsideration or review." *See* March 31 Order at 12; June 22 Order at 5. The Court apologizes for any confusion this error in the June 22 Order may have caused.

summary judgment motions came as a complete surprise to both Asyst and the Court, as Jenoptik failed to give any indication of an intent to litigate the effect of such claim terms during the preceding years.

### B.  Asyst's Motion For Clarification

Asyst seeks clarification that the Court's March 31 order granting summary judgment of infringement extends not only to independent claim 2 of the '421 patent, but also to dependent claims 11-14. While the Court stated its intention to grant summary judgment with respect to both the independent and dependent claims, *see* March 31 Order at 2, Asyst notes correctly that the final paragraph of the order references only independent claim 2, *see id*. at 14. Accordingly, the Court HEREBY MODIFIES its March 31 Order to grant summary judgment of infringement with respect to claims 2 and 11-14.

### C.  Jenoptik's Motion For Clarification

Jenoptik seeks clarification that it may filed summary judgment motions with respect to both invalidity and damages. Jenoptiks' motion is GRANTED.

IT IS SO ORDERED.

DATED: 7/5/06

_____
JEREMY FOGEL
United States District Judge

Copies of this Order have been served upon the following persons:

<u>Counsel for Plaintiff</u>:

Darryl M. Woo
Fenwick & West LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041-2008
Fax: (650) 938-5200

<u>Counsel for Defendants</u>:

Daniel T. Shvodian
James F. Valentine
David L. Bilsker
Howrey LLP
1950 University Avenue, 4th Floor
East Palo Alto, CA 94303

5

Case No. C 98-20451 JF (EAI)
ORDER CLARIFYING PRIOR ORDERS ETC.
(JFLC2)