**E-Filed 12/20/06**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ASYST TECHNOLOGIES, INC., | Case Number C 98-20451 JF |
| Plaintiff, | ORDER[1] (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR RECONSIDERATION; (2) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION; AND (3) ADDRESSING FURTHER PROCEEDINGS |
| v. | |
| EMPAK, INC., et al., | |
| Defendants. | |
| | [re:  doc. nos. 927, 935] |

Defendants Jenoptik AG, Jenoptik Infab, Inc., Emtrak, Inc. and Meissner + Wurst GmbH (collectively, "Jenoptik") seek reconsideration of two aspects of this Court's order of November 14, 2006 ("November 14 Order"), and Plaintiff Asyst Technologies, Inc. ("Asyst") seeks reconsideration of one aspect of that order.  Jenoptik asks the Court to reconsider its denial of Jenoptik's motion for summary judgment of invalidity for nonstatutory double patenting, as well as its order overruling Jenoptik's objections to the statements of Asyst employees Dan Fritschen and Kirk Garrison.  Asyst asks the Court to reconsider its ruling that Jenoptik may assert

---

[1] This order is not designated for publication and may not be cited.

1    invalidity defenses – including the defense of nonstatutory double patenting – not previously

2    pleaded.  The Court has considered the briefing of the parties, including the supplemental

3    briefing submitted on December 19, 2006, as well as the arguments of counsel presented at the

4    status conferences on November 17, 2006 and December 20, 2006.  For the reasons discussed

5    below, the Court will grant Jenoptik's motion with respect to its double patenting invalidity

6    defense and otherwise will deny that motion.  Asyst's motion also will be denied.

7                                               **ASYST'S MOTION**

8            Asyst seeks reconsideration of the Court's ruling that Jenoptik may assert invalidity

9    defenses not previously pleaded in this action.  Asyst did not seek leave to file a motion for

10   reconsideration as required by this Court's Civil Local Rule 7-9(a), but rather included a request

11   for reconsideration in the body of its opposition to Jenoptik's motion for reconsideration.

12   Asyst's motion thus is procedurally defective.  Moreover, as Jenoptik points out, because Asyst

13   improperly made its purported "cross-motion" for reconsideration in the context of its opposition

14   to Jenoptik's motion for reconsideration, Jenoptik was forced to address both its own motion and

15   Asyst's motion in a fifteen-page reply brief.  In light of the fact that Jenoptik's new invalidity

16   defenses are potentially dispositive, however, the Court will consider Asyst's motion for

17   reconsideration on the merits.  The Court granted both sides leave to present supplemental

18   briefing in part to alleviate any prejudice to Jenoptik caused by Asyst's improper inclusion of its

19   cross-motion for reconsideration in its opposition to Jenoptik's motion.

20           The thrust of Asyst's motion is that Asyst has been unfairly prejudiced by the Court's

21   order permitting Jenoptik to assert new invalidity defenses on the eve of trial when Jenoptik

22   purportedly could have asserted such defenses much earlier in the case.  These are the same

23   arguments that Asyst made in opposition to Jenoptik's original motion for summary judgment of

24   invalidity.  After examining the record, the Court concluded that Jenoptik was entitled to assert

25   new invalidity defenses because of the change in claim construction effected by the Federal

26   Circuit in its decision on Asyst's last appeal.  November 14 Order at 10-11.  Asyst disputes this

27   conclusion, arguing that Jenoptik should have asserted the subject defenses much earlier in the

28   case.  On this point the Court simply disagrees, for the reasons set forth in the November 14

                                                          2

1   Order.

2         With respect to prejudice, the Court noted in its November 14 Order that Asyst had failed

3   to identify any particular prejudice to it as a result of Jenoptik's assertion of additional invalidity

4   defenses.  Asyst articulates the prejudice much more clearly in its motion for reconsideration.  In

5   particular, Asyst points out that it has dismissed all claims based upon United States Patent No.

6   4,974,166 ("the '166 patent") and elected to proceed only on the claims of United States Patent

7   No. 5,097,421 ("the '421 patent").  Asyst argues persuasively that it might not have dropped the

8   '166 patent from the case had it been aware that Jenoptik was contending that the '421 patent is

9   invalid for double patenting over the '421 patent.

10        The prejudice articulated by Asyst is significant.  However, after reviewing the record the

11  Court reaffirms its conclusion that Jenoptik reasonably could not have been expected to assert a

12  double patenting defense until after the Federal Circuit's last change in the claim construction.  It

13  is not apparent from the face of the '166 and '421 patents that a double patenting defense lies,

14  especially since claim 8[2] of the '166 patent makes no explicit reference to a "sensing means" and

15  claim 2 of the '421 patent clearly contains a "sensing means" limitation.  When this Court first

16  addressed the sensing means limitation of claim 2 of the '421 patent, it concluded that claim 2

17  did not disclose structure corresponding to the sensing means.  On appeal, the Federal Circuit

18  concluded that the structure corresponding to the sensing means was communication means 50-1

19  that performed the "ready-set protocol."  *Asyst Technologies, Inc. v. Empak, Inc.*, 268 F.3d 1364,

20  1375 (Fed. Cir. 2001).  On remand, this Court interpreted the Federal Circuit's construction to

21  require that the structure corresponding to the sensing means include not only communication

22  means 50-1, but also local processor 20, because local processor 20 was necessary to perform the

23  "ready set protocol."  On appeal from that decision, the Federal Circuit clarified that the structure

24  corresponding to the sensing means did *not* have to perform the "ready set protocol" and thus did

25  not necessarily include the local processor.  Rather, the Federal Circuit held that the structure

26

27        [2] Jenoptik argues that all arguments regarding disclosure of limitations in claim 8 of the
28  '166 patent extend to claim 11 of the '166 patent as well.  For ease of discussion, this order refers
    only to claim 8 of the '166 patent.

Case No. C 98-20451 JF
ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR RECON ETC.
(JFLC2)

1   corresponding to the sensing means was *only* communication means 50-1.  The Federal Circuit

2   eliminated from the construction of sensing means any additional structure – such as the local

3   processor – that might be thought necessary to trigger communication between the tool and the

4   pod.

5          While claim 8 of the '166 patent does not explicitly recite a "sensing means," claim 8

6   does contain a communication means that works in the same fashion as the communication

7   means of claim 2 of the '421 patent.  Jenoptik's argument is that, in light of the Federal Circuit's

8   last change in claim construction, the disclosure of the communication means in claim 8 of the

9   '166 patent constitutes an inherent disclosure of a "sensing means" as well.  Because Jenoptik

10  reasonably could not have been expected to make this argument in the context of the previous

11  claim constructions (and such argument certainly would have failed), the Court concludes that it

12  would be unfair to preclude Jenoptik from making the argument now that the recent change in

13  claim construction has "changed the rules of the game."  *See Johns Hopkins University v.*

14  *CellPro, Inc.*, 152 F.3d 1342, 1357 (Fed. Cir. 1998).

15         However, in light of the significant prejudice Asyst has articulated, the Court would be

16  inclined to entertain a motion for leave to re-assert the '166 patent in this litigation

17  notwithstanding Asyst's dismissal with prejudice of claims based upon that patent.  While the

18  Court is not eager to expand the scope of this litigation given the age of the case and the lengthy

19  procedural history, allowing Asyst to re-assert the '166 patent at least would provide an

20  opportunity for Asyst to reassert the claims it lost when it dismissed the '166 patent unaware that

21  Jenoptik would be asserting a double patenting defense.

22         Accordingly, Asyst's motion for reconsideration will be denied.

23                              **JENOPTIK'S MOTION**

24         Jenoptik seeks reconsideration of the Court's denial of Jenoptik's motion for summary

25  judgment of invalidity for nonstatutory double patenting, and of the Court's order overruling

26  Jenoptik's objections to the statements of Asyst employees Dan Fritschen ("Fritschen") and Kirk

27  Garrison ("Garrison").  With respect to the admissibility of the statements of Fritschen and

28  Garrison, Jenoptik argues that these individuals do not have sufficient personal knowledge to

4

1   make statements regarding Asyst's marking practices that predated their employment with Asyst.

2   In its November 14 Order, the Court ruled that Fritschen and Garrison had personal knowledge

3   regarding Asyst's present marking practices, supported by documentation indicating that Asyst in

4   fact had marked its products prior to the filing of this lawsuit.  The Court held that this evidence,

5   combined with other evidence in the record, was sufficient to create a triable issue of material

6   fact on the marking issue, and that Jenoptik's argument that Fritschen and Garrison did not work

7   at Asyst during the relevant time frame went to the weight of the evidence rather than its

8   admissibility.  The Court has reviewed the record in light of Jenoptik's motion, and again

9   concludes that the statements of Fritschen and Garrison are both admissible and, combined with

10  other evidence in the record, sufficient to raise a strong inference that Asyst marked its products

11  beginning in 1994.

12        With respect to Jenoptik's defense of nonstatutory double patenting, Jenoptik makes two

13  substantive arguments.  First, it argues that while the Court addressed the question of whether the

14  claims of the '421 patent were *anticipated* by the '166 patent, it failed to address the critical

15  question of whether the claims of the '421 patent were *obvious* in light of the '166 patent.

16  However, as Asyst correctly points out, Jenoptik's motion for summary judgment on double

17  patenting argued *only* that each and every element of the claims at issue in the '421 patent was

18  disclosed in claims 8 and 11 of the '166 patent.  Jenoptik did not argue in its moving papers that

19  the claims of the '421 patent were obvious in light of the '166 patent, although Jenoptik did

20  make a passing argument regarding obviousness in its reply brief.  Because Jenoptik failed

21  properly to present a double patenting argument based upon obviousness for the Court's

22  consideration in its original motion, the Court declines to "reconsider" such argument now.

23        Second, Jeniptik argues that the Court erred in its analysis of Jenoptik's nonstatutory

24  double patenting defense.  As to this argument, the Court concludes that the motion for

25  reconsideration is well-taken.  As noted in the November 14 Order, it is undisputed that

26  limitations 1, 1(a), 1(b) and 1(c) of claim 2 of the '421 patent are disclosed in claim 8 of the '166

27  patent.  It likewise is undisputed that all additional limitations of dependent claims 11-14 of the

28  '421 patent are disclosed in claim 8 of the '166 patent.  The parties' dispute thus focuses on

5

whether limitations 2, 3 and 4 of the '421 patent are disclosed in claim 8 of the '166 patent.  In its November 14 Order, the Court cited *Transclean Corp. v. Bridgewood Services, Inc.,* 290 F.3d 1364, 1372 (Fed. Cir. 2002)*,* for the proposition that in order for a means-plus-function limitation to be literally found in a reference, the reference "must disclose the recited function identically." The Court took a limited view of the meaning of the term "disclose," and concluded that because claim 8 of the '166 patent did not *recite* certain of the functions of claim 2 of the '421 patent, claim 8 of the '166 patent did not *disclose* those functions as required by *Transclean*.

Jenoptik argues that *Transclean* is not the appropriate controlling authority, because *Transclean* is an anticipation case that does not address nonstatutory double patenting.  However, as is noted above, Jenoptik argues that claim 8 of the '166 patent anticipates claim 2 of the '421 patent.  Moreover, in its reply brief to its original motion for summary judgment of invalidity, Jenoptik did not argue that *Transclean* was irrelevant authority, but rather argued that the *Transclean* requirement of identical disclosure was met by claim 8 of the '166 patent.  The Court thus concludes that the *Transclean* disclosure requirement remains applicable.

It is clear from the additional authorities cited by Jenoptik that a later patent is invalid for double patenting if the earlier patent "discloses every limitation of the claimed invention either explicitly *or inherently*."  *Eli Lilly an d Co. v. Barr Laboratories, Inc.*, 251 F.3d 955, 970 (Fed. Cir. 2001) (emphasis added) (finding double patenting because earlier claim inherently disclosed the recited limitations of the later claim).  The Court thus should have construed claim 8 of the '166 patent and determined whether the disputed limitations of claim 2 of the '421 patent are explicitly *or inherently* disclosed therein.  When comparing the limitations of the two claims, the Court must consider the structure disclosed in connection with limitations written in means-plus-function format.  *In re Lonardo*, 119 F.3d 960, 967 (Fed. Cir. 1997).

Jenoptik asserts that limitations 2, 3 and 4 of claim 2 of the '421 patent are disclosed in a single limitation of claim 8 of the '166 patent reading as follows with the relevant language highlighted in bold:

**a storage station including means** for receiving said transportable container, **for**

6

**providing communication between the data processing means provided on the transportable container and the central processing unit**, and for making a backup copy of the information stored by said data processing means.

'166 patent at col. 20:20-25 (emphasis added). Jenoptik offers a construction of this limitation that identifies as the corresponding structure all the structure comprising the communication path between the data processing means and the central processing unit, including a transmitter (such as a light-emitting diode), a receiver (such as a photosensitive transistor), a multiplexer and a IBM compatible personal computer. Asyst does not offer a competing construction, although as discussed below Asyst does attack Jenoptik's proposed construction on various grounds. The Court concludes that Jenoptik's construction is proper and adopts it.

Comparing the structures corresponding to limitations 2, 3 and 4 of the claim 2 of the '421 patent on the one hand and the above limitation of claim 8 of the '166 patent on the other, the corresponding structures appear to be virtually identical. With respect to limitation 2 of claim 2, the "sensing means," the Federal Circuit has held that the communication means senses the presence of the transportable container when a signal is sent by a transmitter such as a light-emitting diode and received by a receiver such as a photosensitive transistor. The above limitation of claim 8 contains such a transmitter and receiver. Accordingly, the Court concludes that the "sensing means" of claim 2 of the '421 patent is inherently disclosed in claim 8 of the '166 patent.

With respect to limitation 3 of claim 2, the "selection means," the corresponding structure is a multiplexer. Asyst argues that claim 8 of the '166 patent does not disclose a multiplexer, pointing to Figure 14, which shows the storage computer and storage trays connected by a bus rather than a multiplexer. However, Figure 13 shows these same two structures connected by a multiplexer. Because the "means for providing communication" disclosed in claim 8 of the '166 patent is written in means-plus-function format, the limitation encompasses all alternative embodiments disclosed in the specification. *See Serrano v. Telular Corp.*, 111 F.3d 1578, 1583 (Fed. Cir. 1997). Asyst argues that Figure 13 does not relate to claim 8 and thus does not disclose an alternative embodiment. However, Figure 13 shows the same storage computer 644 connected to the same storage trays 630; accordingly, the Court concludes that Figure 13 does

7

1    show an alternative embodiment of the communication path disclosed in claim 8.

2         Finally, with respect to limitation 4 of claim 2, the "central processor means," the

3    corresponding structure is a central control processor such as an IBM compatible personal

4    computer.  Such a central control processor is disclosed as part of the "means for providing

5    communication" in claim 8.

6         After construing claim 8 of the '166 patent, and comparing the structures corresponding

7    thereto with the structures corresponding to claim 2 of the '421 patent, the Court concludes that

8    each and every limitation of claim 2 of the '421 patent (and of its dependent claims 11-14) is

9    explicitly or inherently disclosed in claim 8 of the '166 patent.  Accordingly, the Court concludes

10    that claims 2 and 11-14 of the '421 patent are invalid for double patenting over claim 8 of the

11    '166 patent.  Jenoptik's motion for reconsideration will be granted on this ground.

12                **FURTHER PROCEEDINGS**

13         Asyst has indicated its intent to file a terminal disclaimer with respect to the '421 patent

14    in the event that the Court grants Jenoptik's motion for reconsideration with respect to

15    nonstatutory double patenting.  The parties disagree as to the effect of such terminal disclaimer.

16    Asyst asserts that such terminal disclaimer would cure the double patenting problem and that the

17    trial thus should go forward as planned.  Jenoptik asserts that such terminal disclaimer would

18    entitle Asyst to seek damages for infringement of the '421 patent only *prospectively*, and that

19    Asyst would not be entitled to seek damages for the period prior to the filing of the terminal

20    disclaimer.  After considering the parties' briefing on this issue, as well as the oral arguments

21    presented at the status conference on December 20, 2006, the Court is inclined to agree with

22    Asyst.  However, the Court has requested further briefing on a related issue:  the effect, if any, of

23    meritorious defenses to the '166 patent on litigation of the '421 patent in light of the Court's

24    finding of nonstatutory double patenting.  The Court will reserve its final decision on the issue of

25    retrospective damages until completion of that briefing on December 29, 2006.

26         Because the Court is inclined to conclude that Asyst may proceed with its retrospective

27    damages claims, the Court has adjusted the trial schedule to accommodate all of the pretrial

28    proceedings that must be accomplished before trial of this matter commences.  The Court will

1   hear argument regarding the parties' motions in limine and other contested pretrial matters on

2   January 5, 2007 at 1:30 p.m.  Jury selection will commence on January 12, 2007.

3                                              **ORDER**

4       (1)   Asyst's motion for reconsideration is DENIED;

5       (2)   Jenoptik's motion for reconsideration is GRANTED IN PART AND DENIED IN
              PART as set forth above; and

6
        (3)   The Court reserves the question of the effect of any terminal disclaimer filed by
7             Asyst pending receipt of the parties' supplemental briefing on December 29,
              2006.
8

9

10  DATED:  12/20/06

11                                              _____

12                                              JEREMY FOGEL
                                                United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 98-20451 JF
ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR RECON ETC.
(JFLC2)

1   Copies of Order served on:

2

3   Joseph Stephen Belichick     jbelichick@fenwick.com

4   David Leon Bilsker     bilskerd@howrey.com, fabianj@howrey.com

5   Henry C. Bunsow     bunsowh@howrey.com, lim@howrey.com

6   Michael J. Sacksteder     msacksteder@fenwick.com

7   David Douglas Schumann     dschumann@fenwick.com, ncarroll@fenwick.com

8   Daniel T. Shvodian     shvodiand@howrey.com, HockinL@howrey.com; cranes@howrey.com

9   James F. Valentine     valentinej@howrey.com, hockinl@howrey.com

10  Darryl M. Woo     dwoo@fenwick.com, anolen@fenwick.com; vschmitt@fenwick.com

11  Floyd R. Nation
    Arnold White & Durkee
12  600 Congress Ave
    1900 One American Center
13  Austin, TX 78701

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10