1

2          **E-Filed 1/11/07**

3

4

5

6

7

8                              NOT FOR CITATION

9              **IN THE UNITED STATES DISTRICT COURT**

10          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11                         **SAN JOSE DIVISION**

12

13   ASYST TECHNOLOGIES, INC.,              Case Number C 98-20451 JF

14                    Plaintiff,             ORDER[1] ADDRESSING CERTAIN
                                            OF THE PARTIES' MOTIONS IN
15         v.                                LIMINE

16   EMPAK, INC., et al.,                    [re: doc. nos. 889, 892]

17                    Defendants.

18

19         The Court conducted the final pretrial conference in this case on January 5, 2007, at

20   which time the Court provided oral rulings with respect to the majority of the parties' motions in

21   limine.  The Court reserved ruling on Jenoptik's motion in limine number 2, seeking to preclude

22   evidence of copying or misappropriation of confidential information, and on Asyst's motion in

23   limine number 3, seeking to preclude evidence regarding the reexamination of the '421 patent.

24         **Jenoptik's Motion In Limine Number 2:**

25         Jenoptik argues that the allegedly copied feature – the repositioning of ceiling-mounted

26   IRTs to the workstations – is *not* an element of any of the claims at issue, and therefore is

27   _____

28         [1] This order is not designated for publication and may not be cited.

1    irrelevant to the issue of whether the claims at issue are invalid for obviousness.  Jenoptik further

2    argues that the defendants alleged to have had access to Asyst's confidential information were

3    not involved in the design of the allegedly infringing IridNet System.  Asyst argues that it is not

4    required to demonstrate copying of a particular element of the claims at issue, so long as Asyst

5    can demonstrate copying of Asyst's preferred embodiment generally, and that there was a

6    sufficient relationship between the defendants that it can be inferred that confidential information

7    obtained by one defendant was used by other defendants in the design of the IridNet System.

8            The Court has reviewed the *Akamai* case cited by Asyst on the issue of copying, as well

9    as the parties' briefs filed January 9, 10 and 11, 2007.  Nothing in the *Akamai* case or in any

10   other case cited by the parties hold that a patentee may seek to show non-obviousness of a patent

11   claim by demonstrating copying of a feature that is *not* an element of such claim.  In *Akamai*, the

12   allegedly copied feature – the location of the server selection software – was expressly recited in

13   the claims as to which obviousness was relevant.  *Akamai Technologies, Inc. v. Cable & Wireless*

14   *Internet Services, Inc.*, 344 F.3d 1186, 1195-96 (Fed. Cir. 2003).  Asyst cites *Amazon.com, Inc. v.*

15   *Barnesandnoble.com, Inc.*, 239 F.3d 1343 (Fed. Cir. 2001), for the proposition that it is not

16   required to demonstrate copying of a particular element of the claims at issue, but only copying

17   of Asyst's preferred embodiment generally.  The Court concludes that Asyst reads *Amazon.com*

18   too broadly.  The question before the court was whether evidence of copying of Amazon's "1-

19   Click" feature was relevant to the question of obviousness.  The court held that "evidence of

20   copying Amazon's '1-Click®' feature is legally irrelevant unless the '1-Click®' feature is shown

21   to be an embodiment of the claims."  *Id.* at 1366.  "An embodiment of the claims" at issue would

22   include all elements of those claims.  Accordingly, *Amazon.com* does not stand for the

23   proposition that the copying of a feature that is *not* an element of the patent claims at issue

24   nonetheless is relevant to the obviousness of those claims.

25           The proposed evidence of copying would be highly prejudicial to Jenoptik.  Accordingly,

26   in light of the absence of any authority holding that the copying of features that are not elements

27   of the claims at issue have relevance to the obviousness inquiry, and in light of Federal Rule of

28   Evidence 403, the Court will exclude evidence of copying of the placement of the IRTs.  This

2

1   ruling is without prejudice to Asyst's introduction of evidence of copying of features that are

2   elements of the claims at issue, assuming the necessary foundation can by provided with respect

3   to the relationships of the defendant entities.

4          **Asyst's Motion In Limine Number 3:**

5          The Court reserved ruling on Asyst's motion in limine number 3, and requested that the

6   parties jointly draft appropriate limiting language that could be used to describe the legal effect of

7   the grant of reexamination of the '421 patent.  The parties have not submitted any such language

8   to the Court.  Accordingly, the Court cannot make a final determination with respect to Asyst's

9   motion in limine number 3 at this time.

10          IT IS SO ORDERED.

11

12

13   Dated:  1/11/07

14                                                _____
                                                  JEREMY FOGEL
15                                                United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 98-20451 JF
ORDER ADDRESSING CERTAIN OF THE PARTIES' MOTIONS IN LIMINE
(JFLC2)

1  Copies of this Order were served on the following persons:

2

3  Joseph Stephen Belichick     jbelichick@fenwick.com, ssanford@fenwick.com

4  David Leon Bilsker     bilskerd@howrey.com, fabianj@howrey.com

5  Henry C. Bunsow     bunsowh@howrey.com, lim@howrey.com

6  Michael J. Sacksteder     msacksteder@fenwick.com

7  David Douglas Schumann     dschumann@fenwick.com, ncarroll@fenwick.com

8  Daniel T. Shvodian     shvodiand@howrey.com, HockinL@howrey.com; cranes@howrey.com

9  James F. Valentine     valentinej@howrey.com, hockinl@howrey.com

10  Darryl M. Woo     dwoo@fenwick.com, anolen@fenwick.com; vschmitt@fenwick.com

11  Floyd R. Nation
    Arnold White & Durkee
12  600 Congress Ave
    1900 One American Center
13  Austin, TX 78701

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 98-20451 JF
ORDER ADDRESSING CERTAIN OF THE PARTIES' MOTIONS IN LIMINE
(JFLC2)