FILED

JAN 31 – 2007

CLERK
NORTHERN ...
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASYST TECHNOLOGIES, INC.,<br><br>           Plaintiff,<br><br>v.<br><br>EMPAK, INC.; EMTRAK, INC.; JENOPTIK AG; and JENOPTIK INFAB, INC.<br><br>           Defendants. | Civil Action No. 98-20451 JF<br><br>**SPECIAL JURY VERDICT FORM** |
| AND RELATED COUNTERCLAIMS. | Trial Date:   January 12, 2007<br>Time:          1:30 p.m.<br>Courtroom:  3<br>Judge:        Hon. Jeremy Fogel |

SPECIAL JURY VERDICT FORM
CASE NO. C98-20451 JF

DM_US\8431287.v1

We, the jury, unanimously find as follows:

# INVALIDITY

**QUESTION 1.**

Do you find that Jenoptik proved that it is highly probable that the Hesser patent (U.S. Patent No. 4,588,880) is within the scope of the prior art relevant to the asserted claims of the '421 patent?

(A "YES" answer is an answer for Jenoptik, a "NO" answer is an answer for Asyst.)

**YES** _____          **NO** _X_

**QUESTION 2.**

Do you find that Jenoptik proved that it is highly probable that the prior art references (the textbooks, patents, and publications) are within the scope of the prior art relevant to the asserted claims of the '421 patent?

(A "YES" answer is an answer for Jenoptik, a "NO" answer is an answer for Asyst.)

**YES** _____          **NO** _X_

**QUESTION 3.**

Do you find that Jenoptik proved that it is highly probable that one of ordinary skill in the art in May of 1987 would have been motivated to combine the teachings Hesser with the teachings of the prior art references?

(A "YES" answer is an answer for Jenoptik, a "NO" answer is an answer for Asyst.)

**YES** _____          **NO** _X_

**QUESTION 4.**

Do you find that the following secondary considerations of non-obviousness existed in this case?

(A "YES" answer is an answer for Asyst, a "NO" answer is an answer for Jenoptik.)

a. Commercial success of the invention.

    YES  ✓       NO ____

b. A long felt need for the solution provided by the invention.

    YES  ✓       NO ____

c. Acceptance by others of the invention in the asserted claims of the '421 patent as shown by praise from others in the field or by licensing of the invention claimed.

    YES  ✓       NO ____

**QUESTION 5.**

In light of all of the evidence, do you find that Jenoptik proved that it is highly probable that the one of ordinary skill in the art in May of 1987 would have found the asserted claims of the '421 patent obvious in view of Hesser and the prior art?

(A "YES" answer is an answer for Jenoptik, a "NO" answer is an answer for Asyst.)

| | | | | |
|---|---|---|---|---|
| a. | Claim 2  | YES ____ | NO ✓ |
| b. | Claim 11 | YES ____ | NO ✓ |
| c. | Claim 12 | YES ____ | NO ✓ |
| d. | Claim 13 | YES ____ | NO ✓ |
| e. | Claim 14 | YES ____ | NO ✓ |

**If you answered "YES" to questions 4(a-e), then you do not need to answer the remaining questions in this verdict form, and you should proceed to the last page the verdict form, which you should sign and date.**

SPECIAL JURY VERDICT FORM                    -2-
CASE NO. C98-20451 JF

DM_US\8431287.v1

## INFRINGEMENT

**QUESTION 6.**

Do you find by a preponderance of the evidence that defendants infringed the '421 patent by supplying or causing to be supplied from the United States all or a substantial portion of the components of the IridNet system to customers outside the United States with the intention that the components be combined into a system that would infringe any of claims 2, 11, 12, 13 or 14 of the '421 patent if they had been combined into such a system within the United States?

(A "YES" answer is an answer for Asyst, a "NO" answer is an answer for Jenoptik.)

**YES** _X_          **NO** ___

**QUESTION 7.**

Do you find by a preponderance of the evidence that defendants infringed the '421 patent by supplying or causing to be supplied from the United States any component of the IridNet system that is not suitable for substantial non-infringing use to customers outside the United States, knowing that the component is made or specially adapted for use in a system that practices the invention of any of claims 2, 11, 12, 13 or 14 of the '421 patent and intending for the component to be combined outside the United States in a manner that would infringe any of claims 2, 11, 12, 13 or 14 of the '421 patent if the component were combined inside the United States?

(A "YES" answer is an answer for Asyst, a "NO" answer is an answer for Jenoptik.)

**YES** _X_          **NO** ___

**DAMAGES**

**QUESTION 8.**

Do you find by a preponderance of the evidence that Asyst is entitled to lost profits damages for sales made by Jenoptik? (A "YES" answer is an answer for Asyst, a "NO" answer is an answer for Jenoptik.)

YES ✓             NO ___

**QUESTION 9.**

If the answer to question 8 is "YES," indicate the amount of damages to which Asyst is entitled for lost profits due to sales made by Jenoptik.

AMOUNT  31.5 million

**QUESTION 10.**

If the answer to question 8 is "NO," indicate the amount of damages to which Asyst is entitled in the form of a reasonable royalty.

AMOUNT _____

**QUESTION 11.**

Do you find by a preponderance of the evidence that Asyst is entitled to damages for price erosion? (A "YES" answer is an answer for Asyst, a "NO" answer is an answer for Jenoptik.)

YES ✓             NO ___

**QUESTION 12.**

If the answer to question 11 is "YES," indicate the amount of damages to which Asyst is entitled due to price erosion.

AMOUNT  43.2 million

1
2
3       The foreperson should sign the verdict form to witness that a unanimous verdict has been
4 reached.
5 Dated: January ___, 2007

                                               _[signature]_
                                                      FOREPERSON

SPECIAL JURY VERDICT FORM                          -5-
CASE NO. C98-20451 JF

DM_US\8431287.v1