**E-Filed 3/13/09**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ASYST TECHNOLOGIES,<br><br>               Plaintiff,<br><br>      v.<br><br>EMTRAK INC., et al.,<br><br>               Defendants. | Case Number C 98-20451 JF (HRL)<br><br>ORDER[1] RE PLAINTIFF'S MOTION FOR REVIEW OF TAXED COSTS<br><br>[re:  document no. 1134] |

Plaintiff Asyst Technologies ("Asyst") moves for review of the costs taxed against it by the Clerk of the Court.  The motion is opposed by Defendants Emtrak, Inc., Jenoptik AG, Jenoptik Infab, Inc., and Meissner + Wurst GmbH (collectively, "Jenoptik").  The Court has considered the moving and responding papers and the oral arguments of counsel presented at the hearings on July 25, 2008 and March 13, 2009, and orders as follows:

Pursuant to Fed. R. Civ. P. 54(d)(1), costs other than attorneys' fees generally "should be allowed to the prevailing party" in a civil suit.  Fed. R. Civ. P. 54(d)(1).  This "rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-American Educators v. State of*

---

[1] This disposition is not designated for publication and may not be cited.

1  *California*, 231 F.3d 572, 591 (9th Cir. 2000).  The specific types of costs that a court may tax

2  are enumerated in 28 U.S.C. § 1920.  The Civil Local Rules of this district provide further

3  guidance with respect to the types of costs that may be taxed.  *See* Civ. L. R. 54-3.

4      In the instant case, the Clerk of the Court taxed costs in the amount of $197,484.72.

5  Asyst challenges virtually all of these costs, asserting that the Court should simply decline to

6  award costs because of Jenoptik's "overreaching," or alternatively should reduce the taxed costs

7  to approximately $6,000.

8      **Jenoptik Was The Prevailing Party**

9      Asyst challenges Jenoptik's status as the prevailing party, asserting that Jenoptik was only

10  partially successful.  Asyst requests that the Court deny or reduce the award of costs on this

11  ground.  By any conceivable standard Jenoptik was the prevailing party, having successfully

12  defended itself against Asyst's decade-long lawsuit with the result that Asyst's patent claims

13  were declared invalid or not infringed.

14      **Jenoptik's Bill Of Costs Is Not "Overreaching"**

15      Asyst asserts that Jenoptik has not limited its bill of costs to allowable costs, and that as a

16  penalty for this "overreaching," the Court should significantly reduce the taxed costs as a penalty

17  and a deterrence to such behavior by others.  *See Nochowitz v. Ernst & Young*, 864 F. Supp. 59

18  (N.D. Ill. 1994) (reducing taxed costs by fifty percent because of overreaching).  As is discussed

19  below, the Court concludes that the costs requested by Jenoptik are appropriate.  Accordingly,

20  the Court will not impose a reduction as a penalty for "overreaching."

21      **Costs For The Daily Trial Transcripts Are Recoverable**

22      The Clerk taxed costs in the amount of $15,689.40 for the daily trial transcripts.  Jenoptik

23  since has agreed to reduce this amount by $5,677.20 to a total of $10,012.20, apparently to

24  deduct costs for the expedited nature of the transcripts.  Under the Civil Local Rules, the cost of

25  transcripts ordinarily is not recoverable except for (1) "[t]he cost of transcripts necessarily

26  obtained for an appeal, and (2) "[t]he cost of a transcript of a statement by a Judge from the

27  bench which is to be reduced to a formal order prepared by counsel."  Civ. L.R. 54-3(b).

28  Jenoptik argues that the dailies were necessarily obtained for an appeal, because even at the time

2

of trial Jenoptik knew with virtual certainty that however the trial came out the losing party would appeal. Jenoptik points out that Asyst had filed two previous appeals with respect to adverse rulings against it, and so certainly could have been expected to appeal a third adverse ruling. And given the amount of damages sought by Asyst, Jenoptik would have had no choice but to appeal an adverse judgment. Given the history of this case, the Court agrees, and concludes that under these circumstances that costs of the trial transcripts are recoverable. *See Affymetrix, Inc. v. Multilyte Ltd.*, 2005 WL 2072113, at *2 (N.D. Cal. Aug. 26, 2005) (permitting recovery of costs for hearing transcripts where case was so contentiously litigated that it was to be expected that both parties would obtain the transcripts for appeal); *Intermedics, Inc. v. Ventritex, Inc.*, 1993 WL 515879, at *4 (N.D. Cal. Dec. 2, 1993) (same).

### Costs For The Trial Exhibits And Demonstratives Are Recoverable

The Clerk taxed costs in the amount of $53,907.67 for Jenoptiks' expenses associated with production of trial exhibits, exhibit boards, and demonstrative computer graphics. Asyst disputes all of these costs except for $1,122.55 for trial exhibits. Under Civ. L. R. 54-3(d)(5), "[t]he cost of preparing charts, diagrams, videotapes and other visual aids to be used as exhibits is allowable if such exhibits are reasonably necessary to assist the jury or the Court in understanding the issues at the trial." Jenoptik's exhibits and computer graphics were reasonably necessary to aid the Court and the jury to understand the highly technical and complex issues in this patent case. While $50,000 does seem like a large amount of money to spend on demonstratives, the figure must be viewed in the context of the case, which was so complicated and confusing that *three* appeals to the Federal Circuit were required over ten years before the case finally was resolved.

### Deposition Costs Are Recoverable For Both Stenographic And Videotape Copies

The Clerk taxed deposition costs in the amount of $5,926.05. Jenoptik has agreed to reduce this figure by $1,581 to a total of $4,334.74. The taxed costs include costs for both stenographic and videotape copies of certain depositions. Under the Civil Local Rules, "[t]he cost of an original and one copy of any deposition (including video taped depositions) taken for any purpose in connection with the case is allowable." District courts are split as to whether this

3

rule limits a party to costs for *either* stenographic or videotape copies, or whether the party may recover costs incurred in obtaining *both* stenographic and video copies of a particular deposition. This Court agrees with those cases holding that a prevailing party may recover costs for both the stenographic and video copies when both are reasonably necessary, *see, e.g.*, *Pixion, Inc. v. Placeware, Inc.*, 2005 WL 3955889, at *2 (N.D. Cal. May 26, 2005); *MEMC Elec. Materials v. Mitsubishi Materials*, 2004 WL 5361246, at *3-5 (N.D. Cal. Oct. 22, 2004), and respectfully disagrees with those cases reaching the opposition conclusion, *see, e.g., Affymetrix, Inc. v. Multilyte Ltd.*, 2005 WL 2072113, at *2-3. Jenoptik has demonstrated that both stenographic and video deposition copies were necessary in this case, as both types of copies were used extensively during trial preparation and trial itself.

**The Witness Expenses Are Recoverable**

The Clerk taxed costs in the amount of $9,961.60 for witness expenses. Jenoptik erred by failing to limit lodging and meals costs to the applicable per diem rate, and has agreed to reduce its request for witness lodging and meals by $1,015.27 to correct this error such that the total witness costs claimed are $8,946.33. These reduced costs are appropriate. Jenoptik's explanation of the first class airfare for Mr. Van Antwerp's trip home is reasonable. Jenoptik also has explained why certain witnesses needed to be present in the Courtroom for multiple days.

**Reinstatement Of the 2004 Cost Award Is Appropriate**

In 2004, the Court approved taxation of costs in the amount of $112,000. That award was vacated by operation of law when the Federal Circuit reversed this Court's judgment for Jenoptik. *See Amarel v. Connel*, 102 F.3d 1494, 1523 (9th Cir. 1996). Accordingly, Asyst is correct in arguing that the 2004 award is not "law of the case." However, the costs covered by that award were litigated thoroughly before the Court issued its 2004 order. Because Jenoptik has been reinstated as the prevailing party, the Court concludes that it is appropriate to reinstate the award of taxed costs. Asyst argues that a significant portion of the 2004 award was based upon costs for both stenographic and video copies of depositions. Asyst contends that the award no longer is valid because the law has "changed" and now no longer permits costs for both.

1   Asyst refers to a recent decision holding that a party cannot obtain both types of copies for the

2   same deposition.  *See Affymetrix*, 2005 WL 2072113, at *2-3.  However, the fact that one judge

3   has concluded that a party may not recover costs for both stenographic and video transcripts of

4   the same deposition does not constitute a "change" in the law.  As is discussed above, this Court

5   sides with the several cases that have reached the opposite conclusion.

6                                                    **ORDER**

7            Accordingly, the Court affirms the Clerk's taxation of costs in the amount of

8   $197,484.72, as reduced by agreement of Jenoptik to $189,200.94.  This reduction represents a

9   reduction of trial transcript costs in the amount of $5,677.20, a reduction of deposition costs in

10  the amount of $1,591.31, and a reduction of witness expenses in the amount of $1,015.27, for a

11  total reduction in taxed costs of $8,283.78.

12

13

14

15

16  DATED:  3/13/09

17  _____

18  JEREMY FOGEL
    United States District Judge

19

20

21

22

23

24

25

26

27

28

Copies of Order served on:

Daniel Thomas Shvodian shvodiand@howrey.com, cranes@howrey.com,
HockinL@howrey.com

Darryl Michael Woo dwoo@fenwick.com, anolen@fenwick.com

David Douglas Schumann dschumann@fenwick.com, ecf@fenwick.com, gdunlap@fenwick.com

David Leon Bilsker bilskerd@howrey.com, brownchristian@howrey.com, fabianj@howrey.com

Henry C. Bunsow bunsowh@howrey.com, lim@howrey.com

James F. Valentine valentinej@howrey.com, hockinl@howrey.com

Joseph Stephen Belichick jbelichick@fenwick.com, ssanford@fenwick.com

Michael John Sacksteder msacksteder@fenwick.com, docketcalendarrequests@fenwick.com,
gdunlap@fenwick.com, jphan@fenwick.com

Floyd R. Nation
Arnold White & Durkee
600 Congress Ave
1900 One American Center
Austin, TX 78701

6